IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **HOLCIM (US) Inc. d/b/a LAFARGEHOLCIM US**<br>8700 West Bryn Mawr Avenue, Suite 300<br>Chicago, Illinois 60631<br><br>*Plaintiff*,<br><br>v.<br><br>**BC CONCRETE OF CUMBERLAND, INC.**<br>61 National Highway<br>Cumberland, Maryland 21502<br><br>**SERVE ON:**   David Weimer, Resident Agent<br>19300 National Highway<br>Frostburg, Maryland 21532<br><br>*Defendant*. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff, Holcim (US) Inc. d/b/a LafargeHolcim US ("**Lafarge**" or "**Plaintiff**"), by and through its undersigned counsel, files this Complaint against Defendant BC Concrete of Cumberland Inc. ("**BC Concrete**" or "**Defendant**"), and alleges as follows:

## PARTIES

1. Plaintiff is a Delaware corporation engaged in the business of manufacturing and selling cement, with its principal place of business in Chicago, Illinois.

2. Defendant BC Concrete is a Maryland corporation with its principal place of business in Alleghany County, Maryland.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because BC Concrete is a Maryland corporation with its principal place of business in Alleghany County, Maryland.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), as Defendant resides in this District and a substantial part of the events or omissions giving rise to the causes of action asserted herein occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. In or about August 2017, Defendant completed, executed, and sent to Lafarge a Credit Application, containing Defendant's agreement to the terms and conditions of sales by Lafarge, which had been requested by Lafarge as a condition of Lafarge providing credit for the purchase of cement from Lafarge (the "**Credit Application**"). A true and correct copy of the completed Credit Application, containing Defendant's agreement to the terms and conditions of Lafarge's sales of its cement, is attached hereto as Exhibit A, and incorporated herein by reference.

7. These same terms and conditions of sale are reiterated in Lafarge's invoices for each sale of cement which Plaintiff sent to Defendant (the "**Invoices**").

8. Defendant never objected to the cement Plaintiff delivered to Defendant or the amounts stated on any of the Invoices.

9. The "Terms of Payment" included in the terms and conditions in Exhibit A are as follows:

> All invoices are payable at the address shown on the invoice…. Invoices not paid in full by the last day of the month following the month of shipment shall be

> considered past-due and shall bear interest at the rate of 1 1/2% per month or the maximum rate permitted by applicable law, if lower, thereafter until paid. In addition to the interest, upon Buyer's breach or default, … Buyer agrees to reimburse Seller for all collection costs, court costs, attorneys' fees and expenses, and other charges incurred by Seller.

Exhibit A at p. 3, Section 3.

10. In reliance upon the Credit Application, during the period beginning in or around September 2019 and continuing through January 2020, Lafarge, at the specific instance and request of Defendant, sold and delivered to and for the benefit of Defendant on open account, quantities of cement having an aggregate agreed principal price and reasonable value of $160,092.95.

11. To date, Defendant has only paid $5,000 toward the amount owed to Plaintiff, which Plaintiff properly applied to past due finance charges in accordance with its contract with Defendant.

12. Despite demands by Plaintiff, Defendant has failed and refused to pay for the additional balance of said sales and deliveries pursuant to the agreement of the parties and there remains an unpaid principal balance due to Lafarge of $160,092.95.

13. As a result of Defendant's failure to make timely payment to Lafarge of the past due principal sum, in accordance with Lafarge's prevailing credit terms and the agreement of the parties as to price and terms, finance charges have accrued thereon which, as of May 31, 2020, aggregate the additional sum of $57,989.46.  Finance charges continue to accrue on the unpaid principal sum at the rate of $78.95 per day.  Lafarge has also incurred, and continues to incur, costs of collection, including attorneys' fees and expenses.

## FIRST CAUSE OF ACTION
**(BREACH OF CONTRACT)**

14. Plaintiff realleges and incorporates by reference into this Count each of the allegations set forth in the other paragraphs of this Complaint.

15. Plaintiff and Defendant are parties to a contract, pursuant to the terms of which Plaintiff delivered cement to Defendant and Defendant agreed to be fully responsible for timely payment to Plaintiff for the materials delivered.

16. Plaintiff has fulfilled all of its obligations and conditions precedent under the contract to receive payment from Defendant.

17. Defendant's failure and refusal to pay Plaintiff for materials delivered pursuant to the express terms of the contract constitutes a material breach of contract.

18. As a consequence of Defendant's breach of contract, as of May 31, 2020, Plaintiff has sustained financial damages in the principal amount of at least $160,092.95 and interest of $57,989.46, for a total amount owed of $218,082.41, with interest continuing to accrue daily at a rate of $78.95 per day.

WHEREFORE, Plaintiff demands judgment against Defendant for damages of at least $218,082.41, together with pre- and post-judgment interest, attorney's fees, costs and such other and further relief as this Honorable Court deems just and proper.

## **SECOND CAUSE OF ACTION**[1]
### (U**NJUST** E**NRICHMENT**)

19. Plaintiff realleges and incorporates by reference into this Count each of the allegations set forth in the other paragraphs of this Complaint.

20. Defendant has received the full benefit and value of the above-described materials Plaintiff delivered to Defendant.

---

[1] For the avoidance of doubt, Plaintiff pleads each of the three Causes of Action in the alternative and does not seek duplicative relief under any Cause of Action.

21. At the time Plaintiff delivered and Defendant accepted the materials, Defendant was aware that Defendant was the intended beneficiary and induced Plaintiff to deliver the materials.

22. When it accepted the materials, Defendant knew that Plaintiff intended to be paid fair value for the materials delivered.

23. Defendant's acceptance of the materials from Plaintiff without payment is manifestly inequitable.

WHEREFORE, Plaintiff demands judgment against Defendant for damages of at least $160,092.95, together with pre- and post-judgment interest, attorney's fees, costs and such other and further relief as this Honorable Court deems just and proper.

### THIRD CAUSE OF ACTION
(ACCOUNT STATED)

24. Plaintiff realleges and incorporates by reference into this Count each of the allegations set forth in the other paragraphs of this Complaint.

25. Plaintiff has made and delivered to Defendant a Statement or Statements of its account with Plaintiff, which Defendant has retained without objection being made thereto. A true and correct copy of Plaintiff's Statement of Account sent to Defendant on May 1, 2020 is attached hereto as Exhibit B and incorporated herein by reference.

26. The Invoices Plaintiff sent to Defendant also constitute accounts stated by Plaintiff to Defendant in the principal amount of $160,092.95.

27. Defendant never made any objection to any of the Invoices or Statements of Account it received from Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for damages of at least $160,092.95, together with pre- and post-judgment interest, attorney's fees, costs and such other and further relief as this Honorable Court deems just and proper.

                                        Respectfully submitted,

Dated: June 9, 2020                          */s/*     *Nathan D. Adler*
                                              Nathan D. Adler (Federal Bar No. 22645)
                                              Brian M. Boyle (Federal Bar No. 28242)
                                              **NEUBERGER QUINN GIELEN**
                                              **RUBIN & GIBBER, P.A.**
                                              One South Street, 27th Floor
                                              Baltimore, Maryland 21202
                                              Telephone:    (410) 332-8541
                                              Facsimile:     (410) 332-8543
                                              nda@nqgrg.com
                                              bmb@nqgrg.com

                                              *Counsel for Plaintiff*

Lawrence E. Tofel, Esq.
LAWRENCE E. TOFEL, PC
163 Washington Avenue, Suite 5B
Brooklyn, N.Y. 11205
Telephone: (917) 847-1433
letofel@tofellaw.com

Co-Counsel for *Plaintiff*

6